IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MALLORY C. JONES and<br>TROY A. MOSES,<br><br>          PLAINTIFFS,<br><br>VS.<br><br>RAMONE LAMKIN, Individually, and<br>In his official capacity as Marshal of the<br>Civil and Magistrate Courts of<br>Richmond County, Georgia, and<br>AUGUSTA-RICHMOND COUNTY,<br>GEORGIA,<br><br>          DEFENDANTS | CASE NO. _____ |

## COMPLAINT

NOW COME the Plaintiffs, MALLORY C. JONES and TROY A. MOSES, and bring this, their complaint against RAMONE LAMKIN, Individually and in his official capacity as Marshal of the Civil and Magistrate Courts of Richmond County, Georgia, and AUGUSTA-RICHMOND COUNTY, GEORGIA and, in support thereof, show:

    1.    That jurisdiction and venue is conferred upon this Court by 28 U.S.C. §1331 and §1343.

    2.    That venue is proper in the United States District Court for the Southern District of Georgia (Augusta Division) under 28 U.S.C. §1391, in that Defendant Ramone Lamkin ("Defendant Lamkin"), a resident of Richmond County, Georgia and Defendant Augusta-Richmond County, Georgia ("Defendant Augusta-Richmond County") is a political corporation located in the Southern District of Georgia (Augusta Division). Plaintiffs' claims arose from activity in the Southern District of Georgia (Augusta Division).

3. That Plaintiff Mallory C. Jones ("Plaintiff Jones") has been serving as a Captain for the Marshal's Office in the Civil and Magistrate Courts of Richmond County, Georgia, having previously been employed for approximately twenty-four (24) years. He has been earning approximately $71,100.00 per year as a Captain with the Marshal's Office in the Civil and Magistrate Courts.

4. That Plaintiff Troy A. Moses ("Plaintiff Moses") is a citizen of the United States and he has been employed by the Marshal's Office in the Civil and Magistrate Courts of Richmond County, Georgia and was recently promoted to Sergeant. He has been earning approximately $46,700.00 and has been employed for approximately eight (8) years.

5. That during the election cycle during the calendar year 2016, the long term Marshal of the Civil and Magistrate Courts of Richmond County, Georgia, Mr. Steve Smith, was challenged in an election and lost to Defendant Lamkin.

6. That Plaintiffs exercised their First Amendment Rights of Freedom of Speech and Freedom of Association to support their then current Marshal of the Civil and Magistrate Courts, Mr. Steve Smith.

7. That at all times relevant to this action, the positions occupied by both Plaintiffs in the Marshal's Office for the Civil and Magistrate Courts, did not require personal or political loyalty to the holder of that office, did not involve any policymaking functions, and did not involve a close working relationship with the Magistrate, and only involved the performance of normal duties given to various employees of the Marshal's Office.

8. That Plaintiffs openly supported the re-election of the former Marshal, Steve Smith, and did not support the election of his opponent, Defendant Lamkin.

9. That those facts were known to Defendant Lamkin.

10. That as a direct result of Plaintiffs exercising their First Amendment rights, the Defendants acted to terminate the Plaintiffs from their positions.

11. That after the election and prior to taking office, Defendant Lamkin notified Plaintiffs by letters, copies of which are attached hereto and marked Exhibit "A," that they were being relieved of their duties effective January 1, 2017.

12. That in terminating the Plaintiffs, Defendant Lamkin made these decisions not as an arm of the state and there is no Eleventh Amendment immunity.

13. That Defendant Lamkin cannot articulate any legitimate reasons for the termination of the Plaintiffs.

14. That Defendant Lamkin took or caused action to be taken against both Plaintiffs based upon their exercise of their First Amendment Rights of Freedom of Speech and Freedom of Association.

15. That the only motivation for terminating the employment of Plaintiffs is the fact that Plaintiffs were faithful to the individual who formerly occupied the Office of Marshal of the Civil and Magistrate Courts, Mr. Steve Smith, and openly exercised their First Amendment rights and worked to have their then employer re-elected.

16. That the actions taken by Defendant Lamkin were willful and deliberate and were in conscience disregard for the rights of the Plaintiffs to exercise their constitutional rights guaranteed them under the First Amendment.

17. That Defendant Augusta-Richmond County has allowed Defendant Lamkin to take action and to terminate employees such as the Plaintiffs based upon their exercise of their First Amendment rights.

18. That Defendant Augusta-Richmond County controls the budget of Defendant Lamkin and is not affording Plaintiffs any due process right.

19. That Defendant Augusta-Richmond County has the power to require that elected officials not take action to punish employees of Augusta-Richmond County, Georgia as a result of their exercising their First Amendment Right of Freedom of Speech and Freedom of Association.

20. That Defendants' adverse employment action as set forth, constitutes a violation of the Plaintiffs' rights of freedom of political association and affiliation under the First Amendment to the United States Constitution under 42 U.S.C. §1983.

21. That the termination of Plaintiffs' employment constitutes a violation of their rights of freedom of association under the First Amendment to the United States Constitution.

22. That Defendant Lamkin's termination of Plaintiffs was a retaliation for their protected activities in violation of 42 U.S.C. §2000e-3(a).

23. That Plaintiffs are POST certified law enforcement officers who have built up seniority in the Marshal's Office and who have had exceptionally good service records.

24. That by retaliating against Plaintiffs and terminating their positions, Defendant Lamkin has forced them to seek entry level jobs at the Sheriff's Department of Richmond County, Georgia.

25. That the highest paying jobs for which Plaintiffs are qualified are Law Enforcement jobs.

26. That Defendants have caused Plaintiffs to suffer damages, in that the only law enforcement jobs available will be entry level positions with local law enforcement agencies, which will result in substantial decreases in pay.

27. That Plaintiffs were wrongfully terminated and are entitled to reinstatement with back pay and benefits.

28. That the action of Defendants were willful and without any basis.

WHEREFORE, Plaintiffs pray:

(a) That the Defendants be served;

(b) That Plaintiffs be reinstated to their positions;

(c) That Plaintiffs receive both actual and punitive damages against Defendants;

(d) That Plaintiffs receive attorney's fees and expenses;

(e) That the issues be tried before a jury.

This 6th day of January, 2017.

*s/ John B. Long, Esq.*
JOHN B. LONG, ESQ.
Georgia State Bar No. 457200
Attorney for Plaintiffs
TUCKER LONG, P.C.
P. O. Box 2426
453 Greene Street (30901)
Augusta, GA 30903
Telephone: (706) 722-0771
Facsimile: (706) 722-7028
Email: jlong@tuckerlong.com

STATE OF GEORGIA           )
                           )        **VERIFICATION**
COUNTY OF RICHMOND         )


Personally appeared before the undersigned attesting authority, duly authorized to administer oaths, MALLORY C. JONES, who after first being duly sworn, states that he has read the attached *Complaint*, and the facts contained therein are true and correct.

This _____ day of _____, 2017.

Sworn to and subscribed before me
this _____ day of _____, 2017.     )
                                        )
_____       )   _____
Notary Public, _____ County,       )   MALLORY C. JONES
State of Georgia                        )

My Commission Expires:                  )
Notary Public, Richmond County, Georgia
My Commission Expires Jan. 6, 2020      )

| | |
|---|---|
| STATE OF GEORGIA     ) | |
|                      ) | **VERIFICATION** |
| COUNTY OF RICHMOND   ) | |

Personally appeared before the undersigned attesting authority, duly authorized to administer oaths, TROY A. MOSES, who after first being duly sworn, states that he has read the attached *Complaint,* and the facts contained therein are true and correct.

This _5th_ day of _January_, 2017.

Sworn to and subscribed before me
this _5th_ day of _January_, 2017.

_____
Notary Public, _____ County,
State of Georgia

My Commission Expires:
Notary Public, Richmond County, Georgia
My Commission Expires Jan. 6, 2020

_____
TROY A. MOSES

Mr. Ramone Lamkin
Marshal-Elect
P.O. Box 57
Augusta, GA 30903

December 6, 2016

Mr. Mallory C. Jones
Richmond County Marshal's Office
2038 Reserve Lane
Augusta, GA 30907

Dear Mr. Mallory C. Jones:

Due to the change in administration and leadership, please accept this as an official notice of the Richmond County Marshal's Office to relieve you of your duty, effective January 1, 2017. Please have all equipment issued out to you by the Richmond County Marshal's Office turned in to the quartermaster no later than December 31st.

Sincerely,

*[signature]*

Mr. Ramone Lamkin
Marshal-Elect

**EXHIBIT A**

Rec'd on 12-12-16 — no Sheriff, no or Lamkin

Mr. Ramone Lamkin
Marshal-Elect
P.O Box 57
Augusta, GA 30903

December 6, 2016

Mr. Troy Moses
Richmond County Marshal's Office
2515 Smoke Tree Lane
Augusta, GA 30906

Dear Mr. Troy Moses:

Due to the change in administration and leadership, please accept this as an official notice of the Richmond County Marshal's Office to relieve you of your duty, effective January 1. 2017. Please have all equipment issued out to you by the Richmond County Marshal's Office turned in to the quartermaster no later than December 31st.

Sincerely,

Mr. Ramone Lamkin
Marshal-Elect