IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MALLORY C. JONES and<br>TROY A. MOSES, | )<br>)<br>) | Civil Action File No. CV117-003 |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | **ANSWER OF DEFENDANT RAMONE LAMKIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY** |
| RAMONE LAMKIN, individually and in his official capacity as Marshal of the Civil and Magistrate Courts of Richmond County, Georgia, and AUGUSTA-RICHMOND COUNTY, GEORGIA, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

NOW COMES the defendant Ramone Lamkin, individually and in his official capacity as Marshal of Richmond County, Georgia ("this defendant"), and files this Answer to the plaintiffs' Complaint as follows:

### FIRST DEFENSE

The plaintiffs' Complaint fails to state a claim against this defendant upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### THIRD DEFENSE

The plaintiffs' claims for attorney's fees and expenses are barred by statutory, constitutional and common law.

1

**FOURTH DEFENSE**

The plaintiffs' claims for punitive damages are barred by statutory, constitutional and common law.

**FIFTH DEFENSE**

The plaintiffs' claim for punitive damages against this defendant in his official capacity is barred by such defendant's absolute immunity from claims for punitive damages.

**SIXTH DEFENSE**

The plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and applicable provisions of the Constitution of the State of Georgia on the following grounds:

    a.    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

    b.    The procedures pursuant to which punitive or exemplary damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

    c.    The procedures pursuant to which punitive or exemplary damages are awarded fail to provide a reasonable limit on the amount of the award against a

defendant, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

  d. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide specific standards for the amount of the award of such damages, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

  e. The procedures pursuant to which punitive or exemplary damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

  f. The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and the excessive fines clause of the Constitution of the State of Georgia in that this defendant has no protection against disproportionate punishment allowed by recovery of such damages.

  g. Allowing punitive or exemplary damages to be imposed by jurors as they think best offends the basic concept of due process, namely, the right of an individual to be free from arbitrary action by the government.

## **SEVENTH DEFENSE**

The plaintiffs' claims against this defendant are barred, in whole or in part, by the doctrine of qualified immunity from suit and liability. This defendant did not violate any clearly established constitutional rights of which a reasonable official would have known, under the

facts and circumstances available to this defendant, and he is, therefore, entitled to qualified immunity.

## EIGHTH DEFENSE

This defendant at all times herein mentioned acted in good faith, without malice and within the scope of his duties and authority as an officer and/or agent of the Richmond County Marshal's Office, and he is, therefore, immune from the allegations of the plaintiffs' Complaint.

## NINTH DEFENSE

This defendant asserts the defenses of privilege, legal justification, and any and all statutory defenses and immunities available to said defendant as a public officer.

## TENTH DEFENSE

Some or all of the relief sought by plaintiffs in the Complaint may be barred by the doctrine of sovereign immunity of the Eleventh Amendment of the United States Constitution.

## ELEVENTH DEFENSE

This defendant answers the specific allegations of the plaintiffs' Complaint in numbered paragraphs which correspond with the numbered paragraphs of the plaintiffs' Complaint as follows:

1. This defendant admits the allegations contained in paragraph numbered 1 of the plaintiffs' Complaint.

2. In response to the allegations contained in paragraph numbered 2 of the plaintiffs' Complaint, this defendant admits that this defendant is a resident of Richmond, County, Georgia and that the plaintiff's claims arose from alleged activity in the Southern District of Georgia (Augusta Division). This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 2.

3. In response to the allegations contained in paragraph numbered 3 of the plaintiffs' Complaint, this defendant admits that plaintiff Jones was an employee of the Richmond County Marshal's Office and that at the time of his departure, he was a Captain. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 3.

4. In response to the allegations contained in paragraph numbered 4 of the plaintiffs' Complaint, this defendant admits that plaintiff Moses was an employee of the Richmond County Marshal's Office and that at the time of his departure, he was a Sergeant. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 4.

5. This defendant admits the allegations contained in paragraph numbered 5 of the plaintiffs' Complaint.

6. This defendant denies the allegations contained in paragraph numbered 6 of the plaintiffs' Complaint.

7. This defendant denies the allegations contained in paragraph numbered 7 of the plaintiffs' Complaint.

8. This defendant admits the allegations contained in paragraph numbered 8 of the plaintiffs' Complaint.

9. This defendant admits the allegations contained in paragraph numbered 9 of the plaintiffs' Complaint.

10. This defendant denies the allegations contained in paragraph numbered 10 of the plaintiffs' Complaint.

11. This defendant admits the allegations contained in paragraph numbered 11 of the plaintiffs' Complaint.

12. This defendant denies the allegations contained in paragraph numbered 12 of the plaintiffs' Complaint.

13. This defendant denies the allegations contained in paragraph numbered 13 of the plaintiffs' Complaint.

14. This defendant denies the allegations contained in paragraph numbered 14 of the plaintiffs' Complaint.

15. This defendant denies the allegations contained in paragraph numbered 15 of the plaintiffs' Complaint.

16. This defendant denies the allegations contained in paragraph numbered 16 of the plaintiffs' Complaint.

17. This defendant denies the allegations contained in paragraph numbered 17 of the plaintiffs' Complaint.

18. This defendant denies the allegations contained in paragraph numbered 18 of the plaintiffs' Complaint.

19. This defendant denies the allegations contained in paragraph numbered 19 of the plaintiffs' Complaint.

20. This defendant denies the allegations contained in paragraph numbered 20 of the plaintiffs' Complaint.

21. This defendant denies the allegations contained in paragraph numbered 21 of the plaintiffs' Complaint.

22. This defendant denies the allegations contained in paragraph numbered 22 of the plaintiffs' Complaint.

23. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 23 of the plaintiffs' Complaint.

24. This defendant denies the allegations contained in paragraph numbered 24 of the plaintiffs' Complaint.

25. This defendant denies the allegations contained in paragraph numbered 25 of the plaintiffs' Complaint.

26. This defendant denies the allegations contained in paragraph numbered 26 of the plaintiffs' Complaint.

27. This defendant denies the allegations contained in paragraph numbered 27 of the plaintiffs' Complaint.

28. This defendant denies the allegations contained in paragraph numbered 28 of the plaintiffs' Complaint.

## **TWELFTH DEFENSE**

Any allegations contained in the plaintiffs' Complaint that are not admitted, denied or otherwise specifically responded to above are hereby specifically denied.

WHEREFORE, this defendant prays that the plaintiffs' Complaint against him be dismissed with all attorney's fees and costs charged to the plaintiff.

This 30th day of January, 2017.

/s/ Aimee Pickett Sanders
Aimee Pickett Sanders
Georgia Bar Number: 147022

                                          Attorney for Defendant Ramone Lamkin, in his official and individual capacities

Of Counsel:

Hull Barrett, PC
Post Office Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481 (telephone)
(706) 722-9779 (facsimile)
asanders@hullbarrett.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Answer of Defendant Ramone Lamkin, individually and in his official capacity** was filed with the Court via the Case Management/Electronic Filing system on this 30th day on January, 2017, and notice thereof was served in accordance therewith via electronic mail, to:

>John B. Long, Esq.
>TUCKER LONG, P.C.
>Post Office Box 2426
>453 Greene Street
>Augusta, Georgia 30903
>Email: jlong@tuckerlong.com

>By: /s/ Aimee Pickett Sanders
>Aimee Pickett Sanders