IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MALLORY C. JONES and TROY A. MOSES,

    Plaintiffs,

v.

RAMONE LAMKIN, individually and in his official capacity as Marshal of the Civil and Magistrate Courts of Richmond County, Georgia, and AUGUSTA-RICHMOND COUNTY, GEORGIA,

    Defendants.

CV 117-003

**ORDER**

Plaintiffs allege that Defendants fired them in violation of their First Amendment rights. Defendant Augusta moves to dismiss Plaintiffs' complaint. (Doc. 7.) Based on the arguments made at this stage of the litigation, the Court allows the claims against Augusta to proceed and **DENIES** Augusta's motion.

I. **Background**

Plaintiffs are former deputies of the Augusta Marshal's Office. (Doc. 1, Compl. ¶¶ 3-4.) In 2016, Defendant Ramone Lamkin challenged the incumbent Marshal, Steve Smith. (Id. ¶

5.) During the campaign, Plaintiffs openly supported Smith. (Id. ¶ 6.) Lamkin ultimately defeated Smith, and following the election, fired Plaintiffs. (Id. ¶¶ 5, 11.)

In response, Plaintiffs filed this lawsuit under 42 U.S.C. § 1983, alleging that Lamkin and Augusta violated Plaintiffs' First Amendment rights because they fired Plaintiffs for supporting Smith. Augusta now moves to dismiss, arguing (1) that Augusta cannot, as a matter of law, be held liable for Lamkin's actions, and (2) that Plaintiffs' First Amendment rights were not violated.

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept legal conclusions as true, only well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead

2

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## III. Discussion

As noted, Augusta argues that Plaintiffs' claims against it should be dismissed for two reasons. First, Augusta argues that it cannot be held liable for Lamkin's actions because Lamkin is not a final policymaker for Augusta. Second, it argues that Plaintiffs' claims fail because Plaintiffs could be fired based on their political patronage.

### A. Augusta's Municipal Liability

"The Supreme Court has placed strict limitations on municipal liability under § 1983." Grech v. Clayton Cty., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). "[A] county is liable only when the county's 'official policy' causes a constitutional violation." Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). There are two methods for establishing an official policy: a plaintiff can show either "(1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." Id. Under either approach, a plaintiff (1) must show that the local

3

government "has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." Id. at 1330.

Plaintiffs allege that Lamkin was acting as a final policymaker for Augusta when he fired them. Augusta, on the other hand, argues that it has no control over the Marshal's Office and thus cannot be held liable for Lamkin's actions. It contends that, under Georgia law, the Court should treat the Marshal's Office like it would treat a sheriff's office and thus should hold that Lamkin was not acting as a final policymaker for Augusta when he fired Plaintiffs.

As Augusta points out, sheriffs are often too independent from the counties they serve to be considered policymakers for those counties. See, e.g., Grech, 335 F.3d at 1330-41. In Grech, for example, the Eleventh Circuit addressed whether a Georgia sheriff was a policymaker for the county he served when performing certain law-enforcement duties. The court looked at, among other things, how state law treats sheriffs in Georgia, sheriffs' functions in Georgia, and the control counties have over sheriffs in Georgia. See id. at 1332-38. In short, the court concluded that the sheriff was not a county policymaker

with respect to the relevant law-enforcement duties because the state closely regulates sheriffs, and because counties do not control sheriffs' performance of law-enforcement duties. See id. at 1332-1348.

Citing local legislation enacted by the Georgia General Assembly, Augusta argues that these "exact same principles apply to the Office of the Marshal." (Doc. 7-1 at 4.) It argues that the Marshal's Office should be treated like a sheriff's office because the Marshal is elected, because he chooses his deputies, and because he has some law-enforcement powers. Augusta contends that it "has no authority or control and absolutely no role in the Marshal's law enforcement duties and functions." (Id.) But the Court is unpersuaded at this stage. That the Marshal is elected, makes personnel decisions, and performs some law-enforcement duties, without more, is insufficient to show that he is not a policymaker for Augusta. The Court thus **DENIES** Augusta's motion on this issue.

## B. Plaintiffs' Political Patronage

An elected official may fire an employee based on the employee's political patronage only when "political affiliation is a reasonably appropriate requirement for the job in question." Underwood v. Harkins, 698 F.3d 1335, 1339 (11th Cir. 2012) (citing O'Hare Truck Serv., Inc. v. City of Northlake, 518 U.S. 712, 714 (1996)). In a typical case, whether an employer

5

may terminate an employee based on political patronage is a question of fact. Leslie v. Hancock Cty. Bd. of Educ., 720 F.3d 1338, 1349 (11th Cir. 2013). But courts apply a "categorical approach based on the statutory authority of an employee when the employee is empowered by the relevant state or local law to act as the alter ego of her employer." Id.

Augusta argues that deputy marshals serve as the Marshal's alter ego and thus are subject to dismissal based on their political views. Augusta contends that the deputy marshals are "empowered to enter into business transactions for the marshal," and that "[a]ny transaction within the scope of the Marshal's duties may be acted upon by his deputy." (Doc. 7-1 at 6.) But Augusta has not pointed to any statute or other binding authority providing such broad-sweeping powers. Although the legislature has indicated that deputy marshals carry out many of the Marshal's responsibilities, see 1974 Ga. Laws 2417, the Court is unconvinced, without more, that it should apply a categorical approach. Accordingly, the Court **DENIES** Augusta's motion on this issue.

### IV. Conclusion

The Court **DENIES** Augusta's motion to dismiss (doc. 7) and **LIFTS** the stay of discovery in this case.

**ORDER ENTERED** at Augusta, Georgia this 29th day of June, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA