IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MALLORY C. JONES and | ) | Civil Action File No. |
| TROY A. MOSES, | ) | 1:17CV0003 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAMONE LAMKIN, individually and | ) | |
| in his official capacity as Marshal of the | ) | |
| Civil and Magistrate Courts of Richmond | ) | |
| County, Georgia, and AUGUSTA- | ) | |
| RICHMOND COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RAMONE LAMKIN'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL DISCOVERY AND IMPOSE SANCTIONS**

Pursuant to Rules 26, 30 and 37 of the Federal Rules of Civil Procedure and the local rules of this Court, Defendant Ramone Lamkin (hereinafter "Lamkin") submits the following response in opposition to Plaintiffs' Motion to Compel Discovery and Impose Sanctions.

**INTRODUCTION AND BACKGROUND**

A.     **CHALLENGE TO ATTORNEY – CLIENT PRIVILEGE**

Plaintiffs seek to attack Lamkin's assertion made during the November 15, 2017 deposition that conversations in his capacity as Marshal-Elect[1] of Augusta, Georgia with Jody M. Smitherman, a Senior Staff Attorney for Augusta, Georgia[2], were subject to the attorney-client

---

[1] Defendant Lamkin was elected Marshal of Augusta, Georgia on May 24, 2016 and officially assumed office on January 1, 2017.
[2] Jody M. Smitherman is also lead counsel for Defendant Augusta, Georgia, incorrectly identified as Augusta-Richmond County, Georgia, in the instant case.

1

privilege.  By notice and agreement of counsel, Plaintiffs deposed Lamkin on November 15, 2017. Lamkin Dep. 5:1–5:5, 65:12-65:16.  Shortly into the deposition, Defendant Lamkin testified that he made the decision not to keep Plaintiffs with the Marshal's Department after he won election on May 24, 2016 and after having several conversations with legal counsel.  Lamkin Dep. 14:6–14:10, 16:9–16:14.  Lamkin identified legal counsel as Augusta-Richmond County Legal counsel, Jody Smitherman (hereinafter "Smitherman"). Lamkin Dep. 16:20–16:24.

Plaintiffs' assertion that Lamkin "advised both the Richmond County sheriff, Richard Roundtree, (hereinafter "Roundtree") and the Richmond County Chief Deputy, Patrick Clayton, (hereinafter "Clayton") of an opinion he received from Smitherman authorizing him to terminate the Plaintiffs' employment because they had supported Lamkin's opponent, Steve Smith, in the November election" is inaccurate, not contained in the record, and directly contradicted in various testimonies.  Lamkin testified Plaintiffs' support of Steve Smith during the political campaign had nothing to do with his decision not to retain Plaintiffs with the Marshal's Department.  Lamkin Dep. 21:23 – 21:25, 22:1.

Moreover, Clayton's testimony is that he had "a couple of conversations" with Lamkin and that Lamkin informed him that he was not going to retain the Plaintiffs. Clayton Dep. 10:10–10:25.  Clayton specifically testified that Lamkin did not mention anything about not retaining the Plaintiffs because they worked for Steve Smith during his political campaign. Clayton Dep. 11:11 – 11:19. Moreover, Lamkin told Clayton that he had discussed his decision with the county attorney. Clayton Dep. 20:23 – 20:25. Clayton was not present when Roundtree

---

had his conversations with Lamkin about not retaining the Plaintiffs. Clayton Dep. 54:22 –
54:25.

Roundtree had several conversations with Lamkin regarding the Plaintiffs. Roundtree
Dep. 12:2 – 12:3. Roundtree testified that Lamkin told him that "he couldn't keep [the Plaintiffs]
because he couldn't trust them because of their loyalty to Steven Smith". Roundtree Dep. 10:1
– 6. It was Roundtree's "understanding" and "interpretation" that Lamkin was not retaining the
Plaintiffs because of their support for Steve Smith during the political campaign. Roundtree
Dep. 20:2 – 20:12. In response to Roundtree's comment that he needed to obtain a second
opinion, Lamkin told Roundtree that he had discussed his decision with legal counsel
Smitherman. Roundtree Dep. 12:17 – 12:25. No other person was present during any of
Roundtree's conversations with Lamkin about not retaining the Plaintiffs. Roundtree Dep. 42:8
– 42:14. Moreover, neither Roundtree or Clayton were present during any of Lamkin's
conversations with Smitherman about his decision not to retain the Plaintiffs.

Plaintiffs' counsel asked Lamkin "what did you talk to Ms. Smitherman about?" Lamkin
Dep. 17:6 – 17:7. Lamkin responded by asking"[i]s that protected - -"and Defendant Augusta,
Georgia (hereinafter "Augusta, Georgia") objected to the question as attorney – client
privileged information. Lamkin Dep. 17:8 – 17:10. Augusta, Georgia, a Defendant in the
captioned action, participated in the deposition through its legal counsel, Smitherman.
Plaintiffs' challenged Augusta's Georgia's attorney – client privilege objection contending that
because Lamkin had not yet been sworn into office, Smitherman was the "city attorney", not
Lamkin's attorney, during the time that he was Marshal – Elect. Lamkin Dep. 17:11 – 17:13,
17:18 –17:19, 144:23 – 144:25, 145:1 – 145:13.

B.     **MOTION TO IMPOSE SANCTIONS**

Plaintiffs also request that this Court impose sanctions upon Lamkin for following counsel's instructions not to answer properly objected to improper questions by Plaintiffs' counsel that were designed to elicit privileged attorney opinion work product and attorney-client communications during his deposition.  Lamkin Dep. 65:12 – 65:16, 145:1 – 145:4, 145:14 – 145:17.  It was agreed by and between counsel for the respective parties that the stipulations governing the taking of the deposition of Steven B. Kendrick[3], (hereinafter "Kendrick") will likewise govern the taking of Lamkin's deposition. Lamkin Dep. 5:2 – 5:6, Kendrick Dep. 4:2 – 4:7.  The stipulation offered by John B. Long, Plaintiffs' counsel, and agreed to by the Defendants, provided that "all objections except to the form of the question will be reserved until the trial, time of trial, or use of the deposition.  Kendrick Dep. 4:2 – 4:7.

Beginning at page 60 of Lamkin's deposition, Plaintiffs' counsel marked Plaintiffs' Exhibit 3 (Complaint) and Exhibit 4 (Lamkin's Answer) for identification.  Lamkin Dep. 60:17 – 60:24.  Lamkin's counsel objected to the form of the question as to Exhibit 4 (Lamkin's Answer) – stating that Exhibit 4 was prepared on Lamkin's behalf by his attorney.  Lamkin Dep. 60:25, 61:1 – 61:12.  Lamkin testified that he did not read over Exhibit 4 verbatim, line for line with his attorney. Lamkin Dep. 62:24 – 62:25, 63:1 – 63:5.

Beginning at page 63, Lamkin's counsel renewed his objection to the form of the question, and instructed Lamkin to delay before answering the question. Plaintiffs' counsel asked Lamkin why he denied in the Exhibit 4 Plaintiffs' allegation that they exercised their First

---

[3] The deposition of Steven B. Kendrick was the first deposition taken in the present matter.

Amendment right to freedom of speech and freedom of association in support of their then current marshal of the civil and magistrate court, Mr. Steve Smith.  Lamkin Dep. 63:6 – 63:25, 64:1 – 64:17.  Lamkin subsequently answered "Yes, sir" to the next inquiry from Plaintiffs' counsel, "you know what the First Amendment of the United States Constitution says, don't you?"  Lamkin Dep. 64:18 – 64:21. Thereafter, Lamkin's counsel again renewed his objection to the form of the question and instructed Lamkin not to respond when Plaintiffs' counsel recited key phrases from the First Amendment of the United States Constitution by stating to Lamkin, "you have a right of freedom of speech, freedom of association, freedom of religion?"

Beginning on page 146, Plaintiffs' counsel revisited his questions about Exhibit 3 (Complaint) and Exhibit 4 (Answer) in an attempt to avoid any dispute regarding his previous questions.  Lamkin Dep. 146:8 – 146:13. Plaintiffs' counsel confirmed that he asked Lamkin, what was the basis for his denial of the allegations in paragraph 6 of the Complaint that Plaintiffs exercised their First Amendment right to freedom of speech and freedom of association to support the then current marshal.  Lamkin Dep. 146:14 – 146:25. Lamkin's counsel again renewed his objection to the form of the question and instructed Lamkin not to answer.  Lamkin Dep. 148:1 – 148:15.

Lamkin's counsel again renewed his objection – on the basis that Lamkin denied paragraph 7 of the Complaint on the advice of counsel.  Lamkin Dep. 148:16 – 148:25, 149:1 – 149:14.  However, Lamkin's counsel did not instruct his client not to answer Plaintiffs' question regarding paragraph 7 of the complaint.  Lamkin Dep. 149:18 – 149:24.  Lamkin's counsel further objected to Plaintiffs' question regarding paragraph 7 on the basis of attorney – client privilege and asserted that Plaintiffs' counsel was attempting to do an end run around Lamkin's

right to counsel. Lamkin Dep. 150:1 – 150:25, 151:1 – 151:7. Lamkin subsequently testified that he was not able to answer the question regarding paragraph 7 of the complaint and that he would defer to his attorney. Lamkin Dep. 151:19 – 151:25, 152:1.

Lamkin ultimately testified that he was unable to answer and deferred to his attorney in response to Plaintiffs' counsel questions regarding the basis for his denial of paragraphs 10, 12, 13, 14, 15, 16, 17 and 18 of the Complaint. Lamkin Dep.152 – 157. Lamkin's counsel and counsel for Augusta, Georgia renewed their objections to the form of the questions regarding the basis for his denial of paragraphs 10, 12, 13, 14, 15, 16, 17 and 18 of the Complaint. Lamkin Dep. 157:15 – 157:17. Lamkin's counsel did not instruct his client not to answer Plaintiffs' counsel questions regarding the basis for his denial of paragraphs 10, 12, 13, 14, 15, 16, 17 and 18 of the Complaint. Lamkin Dep. 152 - 157. Notwithstanding Lamkin's testimony that he was unable to answer the question as presented, Plaintiffs' counsel did not attempt, or offer, to restate the questions regarding the basis for Lamkin's denial of paragraphs 10, 12, 13, 14, 15, 16, 17 and 18 of the Complaint. Lamkin Dep. 152 – 157.

**<u>ARGUMENT AND CITATION OF AUTHORITY</u>**

A.    **ATTORNEY – CLIENT PRIVILEGE**

John Henry Wigmore authors the most concise and best-known statement of the attorney-client privilege. In his treatise on evidence, Wigmore phrases the general principle of the privilege as:

(1) Where legal advice of any kind is sought,

(2) from a professional legal adviser in his capacity as such,

 (3) the communications relating to the purpose,

(4) made in confidence,

(5) by the client,

(6) are at his instance permanently protected,

(7) from disclosure by himself or by the legal adviser,

(8) except the protection be waived.

8 John Henry Wigmore, Evidence §2292, at 554 (rev. vol. 1961); *see also*, Jeffrey L. Goodman & Jason Zabokrtsky, The Attorney Client Privilege and the Municipal Lawyer, 48 Drake L. Rev. 655, 656 (2000). The attorney-client privilege does not protect from disclosure statements made by a client to his lawyer in the presence of a third party. 48 Drake L. Rev. 655, 659 (2000).

The government lawyer is ethically bound to represent the agency by whom he or she is employed, recognizing that <u>the agency speaks through-and its specific interests are formulated by- the individuals within the agency who are authorized to do so</u>. . . Jeffrey Rosenthal, Who Is The Client of the Government Lawyer?, in Ethical Standards in the Public Sector, note 39, at 24 (Patricia E. Salkin ed., 1999) (emphasis added). Rule 1.13 of the Georgia Rules of Professional Conduct states:

a.    A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.

b.    If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, then the lawyer shall proceed as is reasonably necessary in the best interest of the organization.

When one of the constituents of an organizational client communicates with the organization's lawyer in that person's organizational capacity, the communication is protected by Georgia

7

Rules of Professional Conduct 1.16.  Georgia Rules of Professional Conduct, Comment, Rule 1.13.

Lamkin's conversations with Smitherman were clearly attorney-client protected communications.  There is no dispute that during the conversations with Lamkin:

a.  Smitherman was an attorney for Defendant Augusta, Georgia;

b.  Smitherman was representing the interests of Augusta, Georgia;

c.  The Richmond County Marshal's Department was a Department of Augusta, Georgia;

d.  Lamkin, due to winning the May 24, 2016 Election, was an individual within the Marshal's Department who was authorized to communicate with Smitherman regarding Plaintiffs' employment;

e.  Smitherman's conversations with Lamkin about the Plaintiffs took place after he won election and held the position of Marshal-Elect;

f.  Lamkin sought confidential legal advice from Smitherman; and

g.  The conversations between Smitherman and Lamkin did not occur in the presence of a third party.

Plaintiffs' assertion that Smitherman told Lamkin that he could terminate the Plaintiffs' employment "because they had supported Defendant Lamkin's opponent, Steve Smith, in the November election" is inaccurate and grossly misstates the record in this matter.  Moreover, Lamkin is not aware of, and Plaintiffs do not cite, any evidence or legal authority that supports their contention that Lamkin waived attorney-client privilege by merely telling Roundtree and Clayton that he had spoken to legal counsel.

B.    **SANCTIONS**

An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. Fed. R. Civ. P. 30(c)(2).  A person may instruct a deponent not to answer only <u>when necessary to preserve a privilege</u>, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).   Fed. R. Civ. P. 30(c)(2) (emphasis added).

In the matter before the Court, Lamkin followed counsel's instructions, during his deposition, not to answer properly objected to improper questions by Plaintiffs' counsel that were designed to elicit privileged attorney opinion work product and attorney-client communications.  Lamkin Dep. 65:12 – 65:16, 145:1 – 145:4, 145:14 – 145:17.  Lamkin's counsel objected to the form of the question as to Exhibit 4 (Lamkin's Answer) – stating that Exhibit 4 was prepared on Lamkin's behalf by his attorney.  Lamkin Dep. 60:25, 61:8 – 61:12.  Lamkin's counsel renewed his objection to the form of the question, and instructed Lamkin to delay before answering the question, when Plaintiffs' counsel asked Lamkin why he denied in the Exhibit 4 Plaintiffs' allegation that they exercised their First Amendment right to freedom of speech and freedom of association in support of their then current marshal of the civil and magistrate court, Mr. Steve Smith.  Lamkin Dep. 63:6 – 63:25, 64:1 – 65:17.

Lamkin's counsel again renewed his objection to the form of the question and instructed Lamkin not to respond when Plaintiffs' counsel (John B. Long) recited key phrases from the First

Amendment of the United States Constitution by stating to Lamkin, "you have a right of freedom of speech, freedom of association, freedom of religion?". Lamkin's counsel again renewed his objection – on the basis that Lamkin denied paragraph 7 of the complaint on the advice of counsel. Lamkin Dep. 148:16 – 148:25, 149:1 – 149:14. However, Lamkin's counsel did not instruct his client not to answer Plaintiffs' question regarding paragraph 7 of the complaint. Lamkin Dep. 149:18 – 149:24.

Lamkin's counsel further objected to Plaintiffs' question regarding paragraph 7 on the basis of attorney – client privilege and asserted that Plaintiffs' counsel was attempting to do an end run around Lamkin's right to counsel. Lamkin Dep. 150:1 – 150:25, 151:1 – 151:7. Lamkin's counsel and counsel for Augusta, Georgia renewed their objections to the form of the questions regarding the basis for his denial of paragraphs 10, 12, 13, 14, 15, 16, 17 and 18 of the complaint. Lamkin Dep. 157:15 – 157:17. Moreover, Lamkin's counsel did not instruct his client not to answer Plaintiffs' counsel questions regarding the basis for his denial of paragraphs 10, 12, 13, 14, 15, 16, 17 and 18 of the complaint. Lamkin Dep. 152:1 – 157:25.

Notwithstanding being told by Lamkin that he was unable to answer the question as asked, Plaintiffs' counsel did not attempt to restate his questions regarding 10, 12, 13, 14, 15, 16, 17 and 18 of Lamkin's answer. Lamkin Dep. 152:1 – 157:25. Plaintiffs' counsel could have easily modified his questions to, "what facts support your denial of . . ." Because Plaintiffs' chose not to restate his questions, the questions appeared to be an attempt to obtain Lamkin's counsel's opinion work product prepared in anticipation of litigation or for trial and not an attempt to obtain fact based discovery.

Opinion work product includes those trial preparation materials that contain the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.  <u>McKinnon v. Smock</u>, 264 Ga. 375 (1994); <u>Chua v. Johnson</u>, 336 Ga. App. 298, 304 (2016).   Documents, statements and other tangible items of evidence developed by one party in preparation for litigation are discoverable by the other party only in carefully limited circumstances.  <u>McKesson HBOC, Inc. et al. v. Adler</u>, 254 Ga. App. 500, 502 (2002).  Opinion work product is entitled to an absolute privilege and is absolutely protected from disclosure.  <u>Chua</u> at 305.  Opinion work product is entitled to a higher degree of protection because there is a higher value to be served in protecting the thought processes of counsel.  <u>McKinnon v. Smock</u>, 264 Ga. 375, 377-378 (1994). <u>See also</u> <u>Chua</u> at 305.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Ramone Lamkin respectfully requests that this Court deny Plaintiffs' Motion to Compel Discovery and Impose Sanctions.

Respectfully submitted this 16th day of January, 2018.

    /s/ Edward J. Tarver
Georgia State Bar No. 698380
Attorney for Defendant

Of Counsel:
Enoch Tarver, PC
3540 Wheeler Road
Suite 312
Augusta, GA 30909
(706)738-4141
(866)373-0759 Fax
etarver@enochtarver.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Response In Opposition To Motion To Compel and Impose Sanctions** with the Clerk of Court using the CM/ECF system and served upon counsel of record by electronic filing, as follows:

Andrew G. MacKenzie, Esq.
Jody M. Smitherman, Esq.
Geoffrey A. Alls
Augusta, Georgia Law Department
535 Telfair Street, Building 3000
Augusta, Georgia 30901


John B. Long, Esq.
TUCKER LONG, P.C.
P.O. Box 2426
453 Greene Street (30901)
Augusta, Georgia 30903


This 16th day of January, 2018.


/s/ Edward J. Tarver
Edward J. Tarver