IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MALLORY C. JONES; and
TROY A. MOSES,

    Plaintiffs,

    v.                              CV 117-003

RAMONE LAMKIN, individually and
in his official capacity as
Marshal of the Civil and
Magistrate Courts of Richmond
County, Georgia; and AUGUSTA,
GEORGIA,[1]

    Defendants.

**O R D E R**

Before the Court is Plaintiffs' motion to strike the untimely answer of – and request for the entry of a default judgment against – Defendant Augusta, Georgia ("Augusta"). (Doc. 34.) Plaintiffs filed this action on January 6, 2017. (Doc. 1.) On January 26, 2017, Defendant Augusta filed a motion to dismiss Plaintiffs' claims. (Doc. 7.) The parties conducted a Federal Rule of Civil Procedure 26(f) planning conference on April 5, 2017, and submitted their report thereof on April 12, 2017. (See Doc. 15, at 1.) On June 29, 2017, the Court denied

---

[1] Notably, Defendant Augusta, Georgia asserts that it has been incorrectly identified in this action as "Augusta-Richmond County, Georgia" and states that it should be identified as "Augusta, Georgia." (See, e.g., Docs. 7, 29, 37.) Plaintiffs do not appear to controvert this misnomer or corrected identification. (See, e.g., Docs. 34, 35, 40.) Accordingly, **IT IS HEREBY ORDERED** that the Clerk shall correct the docket to reflect Defendant Augusta, Georgia's correct name, "Augusta, Georgia."

Defendant Augusta's motion to dismiss.[2] (Doc. 18.) The parties conducted a second Rule 26(f) planning conference following the denial of Defendant Augusta's motion to dismiss. (See Doc. 23, at 1 n.1; see also Doc. 22.) On November 7, 2017, Defendant Augusta filed its answer to Plaintiffs' complaint. (Doc. 29.) On November 29, 2017, the parties filed a joint motion to extend the discovery deadlines imposed in this matter, which the United States Magistrate Judge granted on December 4, 2017. (Docs. 30, 31.) On December 15, 2017, Plaintiffs filed their present motion to strike and request for default judgment. (Doc. 34.)

In their brief in support of their instant motion, Plaintiffs assert that "[t]his case is in default" due to Defendant Augusta's failure to timely file its answer to Plaintiffs' complaint. (Doc. 35, at 1.) While it is true that a party may be in default even though an entry of default is not officially noted,[3] entry of default pursuant to Federal Rule of Civil Procedure 55 is appropriate only where "a party against

---

[2] Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant Augusta's responsive pleading was due fourteen days after the denial of its motion to dismiss (i.e., by no later than July 13, 2017).

[3] See Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) ("A defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 at 85 (3d ed. 2004)). Notably, entry of default against the plaintiff on the defendant's counterclaim in Perez was proper because: "(1) [the defendant's motion for judgment on the pleadings on its counterclaim] sought a judgment for affirmative relief; (2) [the plaintiff] failed to plead or otherwise defend against [the defendant's] counterclaim; and (3) that failure was shown by [the defendant's] motion." Id. at 1337. The matter of Wortham v. Brown, 2015 WL 2152826 (S.D. Ga. May 7, 2015) is similarly distinguishable from the instant matter on its facts, as the plaintiff therein failed to answer or otherwise defend against the counterclaim asserted against him. See Worthham, 2015 WL 2152826 at 1-2.

whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend.*" FED. R. CIV. P. 55(a) (emphasis added). Here, it is clear that Defendant Augusta has otherwise defended this action by the filing of its motion to dismiss, engaging in the discovery process, and otherwise pursuing the defense of its alleged liability in this matter. Accordingly, the entry of default - officially noted or not - would be improper. See id. Therefore, there is no need for Defendant Augusta to demonstrate "good cause" to set aside a default that was not - and could not - be imposed under the circumstances presented.

Rather, it appears that Plaintiffs believe they are entitled to a default judgment as a sanction for Defendant Augusta having delayed approximately four months in the service of its responsive pleading. Although the Court does not condone Defendant Augusta's lack of diligence in filing its answer, "[j]udgments by default are a drastic remedy and should be resorted to only in extreme situations." Charlton L. Davis & Co., P.C. v. Fedder Data Ctr., Inc., 556 F.2d 308, 309 (5th Cir. 1977). As Plaintiffs have demonstrated no actual prejudice in this matter and made no showing that this is an extreme situation calling for drastic remedies, and "the record lacks evidence suggesting a pattern of delay or willful conduct by" Defendant Augusta, the Court declines Plaintiffs' invitation to

render a judgment in this matter on any basis other than its merits. See Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332, 1339 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits — not based on a single missed deadline — whenever reasonably possible.").

Upon the foregoing and due consideration, Plaintiffs' motion to strike the untimely answer of - and request for the entry of a default judgment against - Defendant Augusta (doc. 34) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of January, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA