IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MALLORY C. JONES and <br> TROY A. MOSES, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | CV 117-003 |
| RAMONE LAMKIN, Individually, and In <br> His Official Capacity as Marshal of the <br> Civil and Magistrate Courts of <br> Richmond County, Georgia, and <br> AUGUSTA, GEORGIA, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**O R D E R**
_____

Plaintiffs move the Court to compel Defendant Richmond County Marshal Ramone Lamkin to testify regarding (1) legal advice sought after his election but before his term of office began from City of Augusta attorney Jody Smitherman, for which Marshal Lamkin claims attorney-client privilege; and (2) the bases for denials in the Answer of numbered paragraphs in the Complaint, which Marshal Lamkin argues are legal rather than factual. Plaintiffs seek sanctions and attorney's fees because Marshal Lamkin followed the instructions of his attorney and refused to answer questions concerning these topics during his deposition. (See generally doc. nos. 38, 39, 43.) The Court **GRANTS IN PART** the motion and (1) **COMPELS** Marshal Lamkin to testify regarding conversations with Ms. Smitherman before his term of office began since no attorney-client relationship existed at

that time; (2) **FINDS** the Answer denials at issue are either legal in nature or already covered in Marshal Lamkin's first deposition; and (3) **FINDS** sanctions and an award of attorney's fees are inappropriate.

## I. BACKGROUND

Plaintiffs are former deputies of the Richmond County Marshal's Office who supported incumbent Marshal Steve Smith in the 2016 election when he was defeated by Marshal Lamkin. (Doc. no. 1, Compl. ¶¶ 3-6, 11.) By letters dated December 6, 2016, Marshal Lamkin informed Plaintiffs as follows:

> Due to the change in administration and leadership, please accept this as an official notice of the Richmond County Marshal's Office to relieve you [sic] of your duty, effective January 1, 2017. Please have all equipment issued out to you by the Richmond County Marshal's Office turned in to the quartermaster no later than December 31st.

(Id., Ex. A.) On January 6, 2017, Plaintiffs filed suit alleging Defendants violated their First Amendment rights by terminating their employment because of their support for Marshal Smith during the campaign. (Doc. no. 18, pp. 1-2.)

Marshal Lamkin testified at deposition that, after his election but before his term of office began on January 1, 2017, he conferred with Ms. Smitherman regarding Plaintiffs' employment, made the decision to terminate the employment of Plaintiffs, and issued the termination letters to Plaintiffs. (See doc. no. 39-2 ("Lamkin Dep."), pp. 16-20, 53-60.) Ms. Smitherman objected to any deposition testimony concerning their conversation based on the attorney-client privilege. (Id. at 17-19.) When asked to explain denials in his Answer of Complaint paragraphs 6, 7, 10 and 12 to 18, defense counsel instructed Marshal Lamkin not to answer because the questions were legal in nature, Marshal Lamkin was unqualified to

2

answer as a layperson, and he relied on advice of counsel in asserting the denials. (Id. at 63-65, 145-57.)

II. **DISCUSSION**

   A. **No Attorney-Client Relationship Existed When Marshal Lamkin Conferred with Ms. Smitherman.**

The defense contends the communications between Ms. Smitherman and Marshal-elect Lamkin are protected by the attorney-client privilege. In support, Marshal Lamkin alleges in part the following:

   d. Lamkin, due to winning the May 24, 2016 Election, was an individual within the Marshal's Department who was authorized to communicate with Smitherman regarding Plaintiffs' employment;

   e. Smitherman's conversations with Lamkin about the Plaintiffs took place after he won election and held the position of Marshal-Elect.

(Doc. no. 41, p. 8.) "The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003) (citation omitted); see also In re Grand Jury Proceedings 88-9 (MIA), 899 F.2d 1039, 1042 (11th Cir. 1990) (recognizing first requirement of establishing claim of attorney-client privilege is proof that asserted holder of privilege is a client).

As Marshal Lamkin recognizes in his brief, Rule 1.13 of the Georgia Rules of Professional Conduct defines the relationship between an attorney and a corporation or governmental entity. Subsection (a) of Rule 1.13 provides that "[a] lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." GA R Bar Rule 4-102, RPC Rule 1.13. Comments 1 and 9 to Rule 1.13

3

provide, in pertinent part, as follows:

*The Organization as the Client*

[1] An organizational client is a legal entity, but it cannot act except through its officers, directors, employees, shareholders and other constituents. Officers, directors, employees and shareholders are the constituents of the corporate organizational client. The duties defined in this Comment apply equally to unincorporated associations. "Other constituents" as used in this Comment means the positions equivalent to officers, directors, employees and shareholders held by persons acting for organizational clients that are not corporations.

*Governmental Organization*

[9] The duty defined in this Rule applies to governmental organizations. Defining precisely the identity of the client and prescribing the resulting obligations of such lawyers may be more difficult in the government context and is a matter beyond the scope of these Rules. *See Scope [16].* Although in some circumstances the client may be a specific agency, it may also be a branch of government, such as the executive branch, or the government as a whole. For example, if the action or failure to act involves the head of a bureau, either the department of which the bureau is a part or the relevant branch of government may be the client for purposes of this Rule. . . . .

Three conclusions are readily apparent from the undisputed facts at hand and the plain language of Rule 1.13 and its comments. First, there is an attorney-client relationship between Ms. Smitherman and Richmond County as well as all departments within the county her office serves, including the Marshal's Office. Second, the relationship includes all "duly authorized constituents" of the county through whom the county acts, including officers, employees, or others in an equivalent position. Third, Marshal-elect Lamkin was not a "duly authorized" constituent of the Marshal's Office at the time he sought advice from Ms. Smitherman. Instead, Marshal Smith was the duly authorized Marshal because his term of

4

office had not yet concluded, and Marshal-elect Lamkin's term of office had not begun. Marshal Lamkin thus had no authority to act on behalf of the Marshal's Office at the time, and no attorney-client relationship existed to trigger application of the attorney-client privilege.

Highly instructive is the eerily similar case of Ezell v. Darr, No. 4:11-CV-93, 2012 WL 123374 (M.D. Ga. Jan. 17, 2012). Therein, Sheriff Darr defeated incumbent Muscogee County Sheriff Johnson in the November 2008 election. After his election but before his term of office began, Sheriff Darr allegedly sought advice from the city attorney regarding his plans to demote two deputies who supported Sheriff Johnson in the campaign. When the two deputies later filed suit claiming Sheriff Darr retaliated against them, Sheriff Darr claimed the attorney-client privilege protected from disclosure his communications with the city attorney. The court held as follows:

> Defendants have failed to establish that an attorney-client relationship existed between Sheriff-elect Darr and the City Attorney's Office in November 2008, which was prior to the date that Sheriff-elect Darr was sworn in and became the Sheriff of Muscogee County. Consequently, the communications at issue are not protected by any attorney-client privilege that may arise from the City Attorney's discussion with Sheriff-elect Darr in his individual capacity.

Id. at *2. The case is directly on point, and there is no attorney-client relationship here for the same reasons as in Darr.

The Court hereby **COMPELS** Marshal Lamkin to sit for a second deposition and answer questions concerning relevant conversations with Ms. Smitherman occurring before his term of office began on January 1, 2017.

5

**B. Marshal Lamkin Is Not Required to Answer Questions About the Legal Basis for General Denials in the Answer.**

Plaintiffs' counsel asked Marshal Lamkin about "the basis" for his general denial of the following numbered paragraphs in the Complaint:

6. That Plaintiffs exercised their First Amendment Rights of Freedom of Speech and Freedom of Association to support their then current Marshal of the Civil and Magistrate Courts, Mr. Steve Smith.

7. *That at all times relevant to this action, the positions occupied by both Plaintiffs in the Marshal's Office for the Civil and Magistrate Courts, did not require personal or political loyalty to the holder of that office, did not involve any policymaking functions, and did not involve a close working relationship with the Magistrate, and only involved the performance of normal duties given to various employees of the Marshal's Office.*

10. That as a direct result of Plaintiffs exercising their First Amendment rights, the Defendants acted to terminate the Plaintiffs from their positions.

12. That in terminating the Plaintiffs, Marshal Lamkin made these decisions not as an arm of the state and there is no Eleventh Amendment immunity.

13. *That Marshal Lamkin cannot articulate any legitimate reasons for the termination of the Plaintiffs.*

14. That Marshal Lamkin took or caused action to be taken against both Plaintiffs based upon their exercise of their First Amendment Rights of Freedom of Speech and Freedom of Association.

15. *That the only motivation for terminating the employment of Plaintiffs is the fact that Plaintiffs were faithful to the individual who formerly occupied the Office of Marshal of the Civil and Magistrate Courts, Mr. Steve Smith,* and openly exercised their First Amendment rights *and worked to have their then employer re-elected.*

16. That the actions taken by Marshal Lamkin were willful and deliberate and were in conscience disregard for the rights of the Plaintiffs to

6

> exercise their constitutional rights guaranteed to them under the First Amendment.
>
> 17. *That Defendant Augusta-Richmond County has allowed Marshal Lamkin to take action and to terminate employees such as the Plaintiffs* based upon their exercise of their First Amendment rights.
>
> 18. *That Defendant Augusta-Richmond County controls the budget of Marshal Lamkin* and is not affording Plaintiffs any due process rights.

(Lamkin Dep., pp. 146-57; Compl., pp. 2-4.)

Arguably, the italicized portions of the Complaint paragraphs quoted above involve factual rather than legal issues. However, it appears all of these factual issues were explored at Marshal Lamkin's first deposition outside the context of questions about the bases for his denials to these numbered paragraphs. Indeed, Marshal Lamkin provided his reasons for terminating each Plaintiff and denied his decision had anything to do with their support for Marshal Smith. (Lamkin Dep., pp. 15-22, 53-60.) Marshal Lamkin explained why he believes the position of captain is a policy-making position, described the organizational structure of the Marshal's Office, and provided his understanding of the functions performed by individuals within the Marshal's Office. (Id. at 22-26, 32, 34, 50.) It is thus not surprising that Plaintiffs fail to specify any factual statement in the contested paragraphs about which they have been unable to discover Marshal Lamkin's position.

The remaining portions of the Complaint paragraphs are legal conclusions to which no further explanation was necessary, and knowledge of which Marshal Lamkin testified he did not have. For example, Paragraph 12 states the conclusion there is no Eleventh Amendment immunity. This is clearly a contested issue, as it currently pends as part of the summary judgment motion filed by Defendant Augusta, Georgia. (Doc. no. 57-1, pp. 13-15.)

For these reasons, the Court will not compel Marshal Lamkin to answer any further questions with respect to factual and legal allegations contained in the ten numbered Complaint paragraphs quoted above.

**C. The Court Does Not Impose Sanctions or Award Fees for Bringing This Motion.**

As Defendant Lamkin was justified in following his counsel's advice regarding the deposition questions relating to the factual and legal allegations in paragraphs 6, 7, 10 and 12 to 18, there is no basis for imposing the sanctions requested by Plaintiffs. Concerning the request for fees and costs for bringing the motion to compel, under Federal Rule 37(a)(5)(C), the Court may apportion reasonable fees when a motion to compel is granted in part and denied in part. However, because Marshal Lamkin and his counsel had a good faith basis for assertion of the attorney-client privilege and objections concerning the bases for denials in the Answer, the Court finds an award of expenses to either side is not warranted.

**III. CONCLUSION**

For the reasons set forth above, the Court **GRANTS IN PART** the motion compel. (Doc. nos. 38-1, 38-2.) Marshal Lamkin shall answer questions about his conversations with Ms. Smitherman when he was Marshal-elect, but shall not be required to answer any further questions regarding the basis for his denial of certain allegations in the Complaint. No sanctions shall be imposed or attorney's fees awarded. Marshal Lamkin's deposition shall be conducted within thirty days of the date of this Order.

Marshal Lamkin's motion for leave to file a surreply is **MOOT**. (Doc. no. 44.) The surreply was filed into the record at the same time as the motion requesting permission to do

8

the same. (Doc. no. 45.) Moreover, the Court's Local Rule 7.6 on filing reply briefs is permissive. Gibbons v. McBride, 124 F. Supp.3d 1342, 1383 (S.D. Ga. 2015) (Hall, C.J.).

SO ORDERED this 11th day of April, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA